IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GLENN GREEN                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 5:03cv533-KS-JMR

MEDIA GENERAL OPERATIONS, INC.
D/B/A/ WJTV                                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

The court has before it in this diversity action the motion of Defendant Media General Operations, Inc. d/b/a WJTV ("WJTV") for summary judgment. From its review of the submissions of the parties and the pleadings and exhibits on file, as well as applicable law, the court finds that the defendant's motion should be granted. The court finds more specifically as follows:

This action arises from WJTV's news reports on October 24 and 25, 2002, about the arrest of Glenn Green by the Jefferson County sheriff. Green, who was charged with receiving stolen property, subsequently pled guilty to that charge. By his complaint Green charges WJTV with defamation, claiming that he was portrayed as the leader of a theft ring that had been uncovered by local authorities and that although he was arrested for receiving stolen property in connection with the theft ring, he was neither accused of nor charged with organization of the theft ring or distribution of stolen goods. WJTV filed the instant motion, basing its claim of entitlement to judgment as a matter of law on its contentions that it did not make any false or defamatory statements, that it did not portray Green as the leader of the theft ring, and that the publication privilege applies to its report of Green's arrest. In response to the motion, the plaintiff contends that WJTV never actually reported that he was arrested for receiving stolen property and that it is a question of fact for the jury as to whether any implications that could be drawn from WJTV's allegedly defamatory statements were false.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the lawsuit under the governing substantive law,"[1] and only disputes over such outcome-determinative facts will preclude summary judgment. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987). In making its determination of whether a triable issue of fact exists, the court must view the evidence submitted by the parties in a light most favorable to the non-movant,[2] disregard all evidence favorable to the moving party that the jury is not required to believe,[3] and resolve "all factual uncertainties" in favor of the non-movant.[4] Where the evidence offered in support of summary judgment establishes that "one of the essential elements of the plaintiffs' cause of action does not exist as a matter of law, ... all other contested issues of fact are rendered immaterial." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). If, in response to a properly supported motion for summary judgment, the non-movant submits evidence competent under Rule 56, that evidence "is to be believed[, and] it is for the jury at trial, not for the judge on a pretrial motion, to decide whose evidence is more credible." *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

---

[1] As it is by reference to substantive law that the materiality of a disputed fact is determined, the existence of a triable issue of fact in this case is determined by reference to Mississippi's law applicable to defamation claims.

[2] *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

[3] *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002).

[4] *Honore v. Douglas,* 833 F.2d 565, 567-68 (5th Cir. 1987).

According to Mississippi law, to prevail on his defamation claim, the plaintiff must prove

> (1) a false and defamatory statement concerning plaintiff;
> (2) unprivileged publication to third party;
> (3) fault amounting at least to negligence on part of publisher;
> (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication.

*Franklin v. Thompson,* 722 So. 2d 688, 692 (¶ 12) (Miss. 1998).  The issue of "whether the offending words are defamatory may be decided by the trial court without submission to the jury." *Armistead v. Minor,* 815 So. 2d 1189, 1194 (¶ 10) (Miss. 2002).  In an action for defamation, the court's initial inquiry is  whether the challenged statements are false.  *Blake v. Gannett Co.,* 529 So. 2d 595, 602 (Miss. 1988).  The plaintiff bears the burden of proving falsity, and truth–even substantial truth–is a complete defense to a defamation suit.  *Id.* at 602-03.  Even if the statements are false,

> [t]wo restrictions upon the action for defamation are and must be strictly enforced. First, the words employed must have clearly been directed toward the plaintiff. Beyond that, the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture.

*Ferguson v. Watkins,* 448 So. 2d 271, 276 (Miss. 1984).  Referring to the *Ferguson* standard, the Mississippi Supreme Court has

> reiterated that, absent a showing that the statements are false and clearly directed toward the plaintiff, whether those statements are defamatory becomes irrelevant. Likewise, if the statements are true and/or are not clearly directed toward (concerning) the plaintiff, this Court does not reach the question of whether those statements are defamatory.

*Blake,* 529 So. 2d at 603.

In this case, WJTV reported that eight men, including the plaintiff, were arrested in connection with the theft ring.  Script for 6:00 p.m. 10/24/02 at 4A.  In his Complaint, the plaintiff admits that he was arrested for receiving stolen property in connection with the theft ring but appears to challenge the verity of WJTV's reports by pointing out that he  was not charged with organization

of the theft ring or with distribution of stolen goods.[5]  That he was not does not render the fact of his arrest in connection with the theft ring any less true.  At the very least, the reports of the plaintiff's arrest were substantially true, and that is all that is required to defeat his defamation claim related to reports of the arrest.  Taking into account the entirety of the reports, this is particularly so since the plaintiff has offered no evidence of the falsity of any allegedly defamatory statement.  *See Armistead,* 815 So. 2d at ¶¶ 10, 16;  *Blake,* 529 So. 2d at 603.

As it cannot withstand application of the *Ferguson* standards, the plaintiff's claim that he was portrayed as the leader of the theft ring meets a similar fate.  According to the plaintiff, this portrayal occurred when the defendant "lead[] the story with his name and the graphics with his picture." [6] While his description is somewhat accurate in that each time the arrestees were named he was the second  named and pictured,  his conclusion that this led to a portrayal of him as a leader is not.  The only reference to a "ring leader" in any of the reports comes with the naming of the last of the arrestees–Harold Ennis.  This reference is clearly directed to Ennis and not to Green.  Not only that, arrival at the conclusion urged by the plaintiff would require the *Ferguson*-prohibited use of innuendo, speculation or conjecture.  *See Blake,* 529 So. 2d at 605-06; *Chatham v. Gulf Publishing Co.,* 502 So. 2d 647, 650 (Miss. 1987); *Fulton v. Mississippi Publishers Corp.,* 498 So. 2d 1215, 1217 (Miss. 1986).

---

[5] In his opposition to the motion for summary judgment  [#26], the plaintiff argues that "the Defendant's broadcast...associated the Plaintiff with a two year theft ring when he was only arrested for receiving stolen property" and that "the Defendant incorrectly reported that the Plaintiff was arrested as a member of a two year theft ring" and that the "Defendant exercised creative liberties with the truth in that part of the broadcast naming the Plaintiff as a member of a two year theft ring."

[6] Opposition [#26] at ¶ 4.

4

IT IS, THEREFORE, ORDERED AND ADJUDGED that WJTV's Motion for Summary Judgment [#19] is hereby GRANTED**,** and the plaintiff's Complaint against it is DISMISSED.

A separate judgment in accord with Federal Rule of Civil Procedure 58 will be entered herein.

SO ORDERED AND ADJUDGED on this, the 27th day of June, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE